**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4825**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RICO ANTONIO GREEN,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Louise W. Flanagan, District Judge. (5:17-cr-00363-FL-1)

Submitted: September 24, 2019                  Decided: October 1, 2019

Before WILKINSON and RICHARDSON, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Lewis A. Thompson, III, BANZET, THOMPSON, STYERS & MAY, PLLC, Warrenton, North Carolina, for Appellant. Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Phillip A. Rubin, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rico Antonio Green appeals his 87-month sentence imposed after pleading guilty, without a plea agreement, to possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2012). Green contends that the district court miscalculated his advisory Sentencing Guidelines range by applying a robbery cross-reference, *see* U.S. Sentencing Guidelines §§ 1B1.5(a) & n.3, 2B3.1, 2K2.1(c)(1)(A), 2X1.1 (2016), which resulted in impermissible double counting, and that his sentence is unreasonable. We affirm.

"We 'review all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard.'" *United States v. Blue*, 877 F.3d 513, 517 (4th Cir. 2017) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). Reviewing a sentence entails appellate consideration of both the procedural and substantive reasonableness of the sentence. *Gall*, 552 U.S. at 51. In determining procedural reasonableness, we must consider whether the district court properly calculated the Guidelines range, treated the Guidelines as advisory rather than mandatory, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2012) factors, selected a sentence not based on clearly erroneous facts, and sufficiently explained the chosen sentence. *Id.* at 49-51.

In determining whether a district court properly applied the Sentencing Guidelines, we review a district court's factual findings for clear error and its legal conclusions de novo. *United States v. Oceanic Illsabe Ltd.*, 889 F.3d 178, 194 (4th Cir. 2018). Under the clear error standard, we may not reverse a district court's findings simply because it would

2

have reached a different result. *United States v. Charboneau*, 914 F.3d 906, 912 (4th Cir. 2019). Instead, we may only reverse if we are "left with the definite and firm conviction that a mistake has been committed." *Id.* (internal quotation marks omitted).

Green contends that the district court improperly calculated his Guidelines range because there was insufficient evidence to support the robbery cross-reference and, by applying the cross-reference, the district court impermissibly engaged in double counting. We conclude that sufficient evidence supported the cross-reference. Ample evidence established that Green robbed the victim, including surveillance videos, physical evidence, and the victim's statements regarding the carjacker's clothing and type and color of the firearm used by the carjacker. Because our review of the evidence does not result in a "definite and firm conviction that a mistake has been committed," *Charboneau*, 914 F.3d at 912, the district court did not clearly err in finding the evidence sufficient to apply the robbery cross-reference.

With respect to double counting, Green did not raise this claim in the district court, and we therefore review this claim only for plain error. *See United States v. Strieper*, 666 F.3d 288, 295 (4th Cir. 2012). Here, there was no double counting, as the firearms enhancement about which Green complains was applied to the robbery cross-reference, which replaced the original firearms guideline. *See* USSG §§ 1B1.5(a) & n.3, 2B3.1, 2K2.1(c)(1)(A), 2X1.1. Thus, Green has not shown any error, let alone plain error.

Next, Green argues that the district court failed to sufficiently explain the sentence imposed. "The sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own

3

legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356 (2007). Although a district court need not explicitly "spell out" its explanation for a sentence when supported by context, we may not "guess at the district court's rationale, searching the record for statements by the Government or defense counsel or for any other clues that might explain a sentence." *Blue*, 877 F.3d at 521 (internal quotation marks omitted).

Here, the district court stated that it had considered the factors listed in 18 U.S.C. § 3553 and that a sentence of 87 months was sufficient but not greater than necessary. The court explicitly referenced Green's statements on his skills and mental health in recommending mental health treatment and vocational training. The court also recommended confinement at Federal Correctional Complex, Butner, in accordance with counsel's wishes, and it expressly noted that Green did not have a good track record complying with the terms and conditions of probation or supervision. Additionally, the court also discussed Green's offense conduct and his history and background as set out in the presentence report, and listened to nearly an hour of testimony and argument regarding Green's actions surrounding a robbery and other criminal activity. In light of the court's finding that Green had committed a carjacking, Green's protestation that he was not a "bad guy" rings hollow and lends little support for a requested sentence at the bottom of the Guidelines. Ultimately, the court's explanation in imposing a sentence of 87 months was legally sufficient. *Rita*, 551 U.S. at 358. To the extent that Green argues his sentence is substantively unreasonable, his within-Guidelines sentence is presumptively reasonable and Green fails to rebut the presumption afforded his Guidelines sentence. *See United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

4

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*